Yalentine, J.
This was an action on a promissory note. Henry Korber was the payee thereof, and C. T. Whitten hall, A. Kyger, W. G. Sargent, and Dickinson & Cowdry were the makers thereof. The payee of the note sued all the makers in one action, but afterwards, on the suggestion of the death of Oliver C. Dickinson, one of the makers, and one of the firm of Dickinson & Cowdry, the plaintiff dismissed his action as against Dickinson & Cowdry, and proceeded with the action against the other three defendants only. There was no error and no irregularity in this. Gen. St. 183, c. 21, § 4; Id. 116, c. 14, §§ 14,15; Civil Code, §§ 39,396,397; Alvey v. Wilson, 9 Kan. *405; Silvers v. Foster, 9 Kan. *59, *60. It is true that the note sued on was in form joint, and not several, nor joint and several; but under our *statutes that does not make any difference. Under our statutes any one or more or all of the several makers of a promissory note may be sued thereon in one action, whatever may be the form of the note; and if all are sued in one action, the plaintiff may dismiss his action as to any one or more of the defendants, and proceed with his action as against the other defendants.
2. The petition below alleges “that plaintiff is the owner and holder of said note.” This allegation, in the absence of anything to the contrary, is unquestionably a sufficient allegation that the plaintiff is the real party in interest. .But it is claimed that there is something shown to the contrary. It is claimed that the petition shows that Lappin & Scrafford are the owners of said note. The plaintiff is the original payee of the note. It seems, however, from the indorsements on the note, that he at one time transferred the note to Lappin & Scrafford; but it also seems from other indorsements on the note that Lappin & Scrafford transferred the note, back again to him. But it is claimed that the indorsements on the note are not sufficient for this latter purpose. The indorsement of Lappin & Scrafford reads as follows: “Without recourse, February 10, 1873, Lappin & Scrafford.” Such an indorsement as this is sufficient in form to transfer the property in the note. Gen. St. 114, c. 14, § 1; Edw. Bills, 265, 272; Chit. Bills, 241; Story, Prom. Notes, § 120a, 121, 135, 152; Story, Bills, §§ 224, 225; Pars. Bills & Notes, 18, 23. The mere name of a prior holder of a promissory note, indorsed on the note in blank, is indeed sufficient evidence prima facie to show that a subsequent holder of the note is the owner thereof. See Pars. Notes, 23 et seq. As to what the name of a third person indorsed in blank upon a promissory note proves, see Fuller v. Scott, 8 Kan. *25; Firman v. Blood, 2 Kan. *497. That Korber is the holder of said note there is no question. And being the holder thereof, the words above quoted are certainly sufficient to show prima facie that he is the owner thereof, although Lappin & *474 Scrafford may have been at one time the owners of the note instead of him.
*3. The defendants demurred to the plaintiff’s petition on various grounds. The demurrer was evidently frivolous, although the court below did not so declare. The court overruled the demurrer, however, and required the defendants to answer ins'tanter, if they desired to answer at all. There was no error in this ruling.
4. The defendants Kyger and Sargent then answered, but their answers stated no defense to the plaintiff’s petition. The answers simply stated that the defendant Whittenhall was the principal debtor on said promissory note, and that the other makers of said note were merely sureties, and that the plaintiff had in this same action dismissed his action as against two of said sureties, to-wit, Dickinson & Cowdry, and was now proceeding against the principal, Whittenhall, and the other two sureties, to-wit, themselves. This is no defense to said action, nor even a partial defense thereto. ' Each of the defendants, under our statutes, is severally liable on the note, as well as jointly liable with every other maker of the note; and the dismissal of the action as against Dickinson & Cowdry was without prejudice to a future action, and without prejudice to the rights of the plaintiff, or to the rights of any other person. The dismissal did not extinguish the debt, nor any part thereof, as against Dickinson & Cowdry, or as against any one else. The debt remained in full force as against all who were liable before the dismissal. But the answers are defective in another respect. They do not show that the plaintiff ever knew that the defendants Kyger and Sargent were only sureties on the note, and there is nothing connected with the note that shows it.
The judgment below was rendered against Whittenhall as principal debtor, and against the other two defendants, Kyger and Sargent, as sureties. This is just as the defendants Kyger and Sargent desired, provided any judgment was to be rendered against them, and of this none of the defendants (plaintiffs in error) now complain.
The judgment of the court below is affirmed.
(All the justices concurring.)